IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

LAURA LEVROS, an individual,

 Plaintiff,

vs.

TATA CONSULTANCY SERVICES
LIMITED INC., a Foreign Profit Corporation,

 Defendant.
_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

 Plaintiff, LAURA LEVROS ("Plaintiff" or "LEVROS"), sues Defendant, TATA CONSULTANCY SERVICES LIMITED INC. ("TATA"), and shows:

### NATURE OF CLAIM

 1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Plaintiff by Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); the Civil Rights Act of 1964, as amended in 1972, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et. seq. ("FMLA"); and the Florida Civil Rights Act, §§ 760.01, *et seq.*, Fla. Stat. ("FCRA").

### JURISDICTION & VENUE

 2. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331.

 3. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

 4. Venue is proper in this District because the unlawful employment practices were committed in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

1

5. This Court has personal jurisdiction over Defendant because Defendant conducted business in Florida, including maintaining an office in this District, and employed Plaintiff to work in Florida.

## PARTIES

**Plaintiff**

6. Plaintiff is a female individual who resides in Pasco County, Florida.

7. Plaintiff was at all times material an employee of TATA.

8. Plaintiff was an "eligible employee" as defined by 29 USC § 2611(2), in that she was employed for at least twelve months by TATA and worked at least 1250 hours during the 12-month period prior to her exercising her rights under the FMLA.

9. Plaintiff was assigned to a worksite where TATA employed more than 50 employees within 75 miles of the worksite.

10. Plaintiff was, at all relevant times, an employee of TATA as contemplated by Title VII, the ADA, and the FCRA.

**TATA**

11. TATA is a multinational information technology services and consulting company doing business and hiring employees across the United States, including businesses and employees throughout the Middle District of Florida.

12. TATA maintains an office in St. Petersburg, Pinellas County, Florida.

13. TATA employs 50 or more employees within 75 miles of the worksite at which Plaintiff was assigned.

14. TATA employed 15 or more employees in the calendar year 2023.

15. TATA employed 15 or more employees in the calendar year 2024.

16. TATA is an employer as contemplated by Title VII, the ADA, the FMLA, and the FCRA.

## SATISFACTION OF CONDITIONS PRECEDENT

17. Plaintiff, on or about February 7, 2025, filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which assigned it the Charge Number 510-2025-04358, and which filing also perfected Plaintiff's rights under the Florida Civil Rights Act. A copy has been attached hereto as Exhibit A.

18. The EEOC issued Plaintiff a Notice of Right to Sue dated November 24, 2025, within 90 days of receipt of which Plaintiff has filed the present action. A copy has been attached hereto as Exhibit B.

19. As of the date of this filing, more than One Hundred and Eighty (180) days have passed since the filing of the Charge of Discrimination and the FCHR did not issue any determination concerning the same. Accordingly, Plaintiff has exhausted all required administrative remedies, entitling her to maintain a civil action under Florida and federal law.

20. All other conditions precedent to the filing of this action have been performed or waived.

## FACTUAL ALLEGATIONS

21. In approximately August 2021, Plaintiff was hired by TATA as a Functional Analyst/Consultant.

22. Plaintiff was assigned to work remotely from her residence in Florida.

23. Throughout her employment, Plaintiff performed her job duties satisfactorily.

24. Plaintiff did not receive disciplinary action related to her job performance.

25. Plaintiff is an individual with uterine fibroids, a medical condition affecting her reproductive system.

26. Plaintiff's medical condition substantially limits a life activity, making it a disability under the ADA.

3

27. Plaintiff's medical condition is a serious health condition warranting coverage under the FMLA.

28. In approximately early March 2024, Plaintiff sent an email to TATA's Global Human Resource Manager, Yuri Maia, as instructed by Defendant's Talent Engagement Partner, Syeda Uddin, after Plaintiff discussed her medical condition and request for FMLA.

29. On or about April 3, 2024, Plaintiff notified TATA's Global Human Resource Manager, Yuri Maia, of her upcoming surgery due to her medical condition.

30. During that communication, Plaintiff once again requested leave under the Family and Medical Leave Act.

31. Plaintiff also requested reasonable accommodations related to her medical condition since she would need time for related medical treatment.

32. On or about April 3, 2024, Mr. Maia sent Plaintiff FMLA and ADA forms to complete.

33. The forms were initially sent to Plaintiff's assigned work email address.

34. Plaintiff was unable to access her work email and informed Mr. Maia that she could not access the forms through her work email.

35. On April 12, 2024, Mr. Maia subsequently sent the forms to Plaintiff's personal email address.

36. Plaintiff began the process of having her physician complete the required medical documentation.

37. While Plaintiff was in the process of completing and returning the requested forms, TATA terminated her employment.

38. Plaintiff's employment termination occurred on or about April 15, 2024.

39. TATA informed Plaintiff that she was being terminated because there were allegedly no projects available for her to work on.

40. At the time of her termination, TATA was a multinational company with clients worldwide.

41. Prior to her termination, Plaintiff's immediate manager, Engagement Manager Manimaran Krishnan, informed her that she did not need additional skills or training to be assigned to projects.

42. Upon information and belief, after terminating Plaintiff, TATA replaced her with a male employee.

43. Plaintiff's termination occurred shortly after she requested medical leave and accommodation.

44. As a result of TATA's actions, Plaintiff lost her employment and wages.

45. Plaintiff had not exhausted her accrued leave at the time of her request.

46. Plaintiff was willing and able to continue working until her scheduled medical leave.

47. Plaintiff was willing and able to return to work following her surgery.

48. TATA did not provide Plaintiff with leave.

49. TATA did not engage in an interactive process regarding accommodations prior to terminating her employment.

## COUNT I – ADA – DISABILITY DISCRIMINATION AGAINST TATA

50. Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count I.

51. TATA's treatment of Plaintiff, including its termination of her, was motivated by Plaintiff's disability and thus, violated Plaintiff's rights under the ADA.

52. Plaintiff's disability was a substantial or motivating factor in Defendant TATA's treatment and ultimate termination of Plaintiff.

53. The actions of Defendant TATA affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by Title I of the ADA and thus violated the ADA.

54. As a direct, natural, proximate and foreseeable result of Defendant TATA's actions, Plaintiff has suffered lost wages and benefits, in the past and such losses will continue in the future, has suffered emotional distress, inconvenience, embarrassment, and other non-pecuniary damages and such damages will continue in the future.

55. The disability discrimination that Plaintiff has suffered violates her federal statutory right to be free from such discrimination.

56. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

57. WHEREFORE, Plaintiff, LAURA LEVROS, prays that this Court will:

    a. Issue a declaratory judgment that the discrimination against Plaintiff by TATA was a violation of her rights under the ADA;

    b. Make Plaintiff whole through back pay and benefits, reinstatement or, if that is not feasible as a make-whole remedy, to award Plaintiff front pay;

    c. Grant Plaintiff judgment against TATA for damages for the violations of the ADA;

    d. Grant Plaintiff her reasonable attorney's fees and litigation expenses against TATA;

    e. Grant damages for pain and suffering;

    f. Grant punitive damages; and

    g. Provide such other and further relief as is just.

## COUNT II – ADA – DISABILITY RETALIATION AGAINST TATA

58. Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count II.

59. TATA's treatment of Plaintiff, including its termination of Plaintiff, was in retaliation for Plaintiff attempting to exercise her rights under the ADA and thus violated Plaintiff's rights under the ADA.

60. Plaintiff's request for reasonable accommodations was a substantial or motivating factor in Defendant TATA's retaliation and ultimate termination of Plaintiff.

61. The actions of Defendant TATA affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by Title I of the ADA and thus violated the ADA.

62. As a direct, natural, proximate and foreseeable result of Defendant TATA's actions, Plaintiff has suffered lost wages and benefits, in the past and such losses will continue in the future, has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

63. The retaliation that Plaintiff has suffered violates her federal statutory right to be free from such retaliation for engaging in protected activity.

64. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

65. WHEREFORE, Plaintiff, LAURA LEVROS, prays that this Court will:

h. Issue a declaratory judgment that the retaliation against Plaintiff by TATA was a violation of her rights under the ADA;

i. Make Plaintiff whole through back pay and benefits, reinstatement or, if that is not feasible as a make-whole remedy, to award Plaintiff front pay;

j. Grant Plaintiff judgment against TATA for damages for the violations of the ADA;

k. Grant Plaintiff her reasonable attorney's fees and litigation expenses against TATA;

l. Grant damages for pain and suffering;

m. Grant punitive damages; and

n.   Provide such other and further relief as is just.

### COUNT III – TITLE VII – SEX DISCRIMINATION AGAINST TATA

66.   Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count III.

67.   Defendant TATA has intentionally discriminated against Plaintiff on account of her sex in violation of Title VII by denying to her equal terms and conditions of employment through subjecting her to discrimination and termination based on her sex.

68.   Defendant TATA's treatment of Plaintiff, including its termination of her, was motivated by Plaintiff's sex, and thus violated Plaintiff's rights under Title VII.

69.   The actions of the Defendant TATA affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by Title VII.

70.   As a direct, natural, proximate, and foreseeable result of Defendant TATA's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; she has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

71.   The discrimination and termination that Plaintiff has suffered violates her federal statutory right to be free from such discrimination.

72.   Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII.

73.   WHEREFORE, Plaintiff, LAURA LEVROS, prays that this Court will:

a.   Issue a declaratory judgment that the discrimination against Plaintiff by Defendant TATA was a violation of her rights under Title VII;

b.   Make Plaintiff whole through back pay, benefits, and front pay;

    c.    Grant Plaintiff judgment against Defendant TATA for damages for the violations of Title VII;

    d.    Grant Plaintiff her reasonable attorney's fees and litigation expenses against Defendant TATA;

    e.    Grant damages for pain and suffering;

    f.    Grant punitive damages; and

    g.    Provide such other and further relief as is just.

## COUNT IV – FMLA INTERFERENCE BY TATA

74. Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count IV.

75. Among the substantive rights granted by the FMLA to eligible employees are the right to "12 workweeks of leave during any 12- month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

76. Plaintiff was entitled to leave under the FMLA pursuant to 29 U.S.C. § 2612(a)(1)(D) because her medical condition qualifies as a serious health condition.

77. By terminating Plaintiff for exercising and/or attempting to exercise her rights under the FMLA, TATA interfered with Plaintiff's ability to exercise her rights under the FMLA, 29 U.S.C. §§ 2615(a)(1) & (2).

78. WHEREFORE, Plaintiff prays that this Court will grant judgment:

    a.    finding Defendant TATA's actions toward Plaintiff to be violative of her rights under the FMLA;

    b.    awarding Plaintiff payment of all back wages and lost benefits found by the Court to be due under the FMLA;

    c.    awarding Plaintiff an additional equal amount as liquidated damages for Defendant TATA's willful violation of the FMLA;

    d.    awarding Plaintiff front pay for future wages lost due to her unlawful termination;

    e.    granting such other and further relief as is just; and,

    f.    awarding Plaintiff her reasonable attorney's fees and litigation costs.

## COUNT V – FMLA RETALIATION BY TATA

79.    Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count V.

80.    Among the substantive rights granted by the FMLA to eligible employees are the right to "12 workweeks of leave during any 12- month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

81.    Plaintiff was entitled to leave under the FMLA pursuant to 29 U.S.C. § 2612(a)(1)(D) because her medical condition qualifies as a serious health condition.

82.    By terminating Plaintiff for exercising and/or attempting to exercise her rights under the FMLA, TATA retaliated against Plaintiff for engaging in activity protected by the FMLA, 29 U.S.C. §§ 2615(a)(1) & (2).

83.    WHEREFORE, Plaintiff prays that this Court will grant judgment:

    g.    finding Defendant TATA's actions toward Plaintiff to be violative of her rights under the FMLA;

    h.    awarding Plaintiff payment of all back wages and lost benefits found by the Court to be due under the FMLA;

    i.    awarding Plaintiff an additional equal amount as liquidated damages for Defendant TATA's willful violation of the FMLA;

j. awarding Plaintiff front pay for future wages lost due to her unlawful termination;

k. granting such other and further relief as is just; and,

l. awarding Plaintiff her reasonable attorney's fees and litigation costs.

### COUNT VI – FCRA – HANDICAP DISCRIMINATION AGAINST TATA

84. Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count VI.

85. Defendant TATA has intentionally discriminated against Plaintiff on account of her handicap in violation of FCRA, §§ 760.01, *et seq*, Fla. Stat. by denying to her equal terms and conditions of employment through subjecting her to discrimination and termination based on her handicap.

86. Defendant TATA's treatment of Plaintiff, including its termination of her, was motivated by Plaintiff's handicap, and thus violated Plaintiff's rights under the FCRA.

87. The actions of Defendant TATA affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by the FCRA.

88. As a direct, natural, proximate, and foreseeable result of Defendant TATA's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; she has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

89. The discrimination and termination that Plaintiff has suffered violates her Florida statutory right to be free from such discrimination.

90. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat.

91. WHEREFORE, Plaintiff, LAURA LEVROS, prays that this Court will:

    a.    Issue a declaratory judgment that the discrimination against Plaintiff by Defendant TATA was a violation of her rights under the FCRA;

    b.    Make Plaintiff whole through back pay, benefits, and front pay;

    c.    Grant Plaintiff judgment against Defendant TATA for damages for the violations of the FCRA;

    d.    Grant Plaintiff her reasonable attorney's fees and litigation expenses against Defendant TATA;

    e.    Grant damages for pain and suffering;

    f.    Grant punitive damages; and

    g.    Provide such other and further relief as is just.

## COUNT VII – FCRA – SEX DISCRIMINATION AGAINST TATA

92.    Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count VII.

93.    Defendant TATA has intentionally discriminated against Plaintiff on account of her sex in violation of FCRA, §§ 760.01, *et seq*, Fla. Stat. by denying to her equal terms and conditions of employment through subjecting her to discrimination and termination based on her sex

94.    Defendant TATA's treatment of Plaintiff, including its termination of her, was motivated by Plaintiff's sex, and thus violated Plaintiff's rights under the FCRA.

95.    The actions of Defendant TATA affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by the FCRA.

96.    As a direct, natural, proximate, and foreseeable result of Defendant TATA's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; she has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

97. The discrimination and termination that Plaintiff has suffered violates her Florida statutory right to be free from such discrimination.

98. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat. .

99. WHEREFORE, Plaintiff, LAURA LEVROS, prays that this Court will:

a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant TATA was a violation of her rights under the FCRA;

b. Make Plaintiff whole through back pay, benefits, and front pay;

c. Grant Plaintiff judgment against Defendant TATA for damages for the violations of the FCRA;

d. Grant Plaintiff her reasonable attorney's fees and litigation expenses against Defendant TATA;

e. Grant damages for pain and suffering;

f. Grant punitive damages; and

g. Provide such other and further relief as is just.

**COUNT VIII – FCRA – RETALIATION AGAINST TATA**

100. Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 49 as if fully set forth in Count VIII.

101. Defendant TATA has intentionally retaliated against Plaintiff on account of her request for accommodation and other attempts to exercise her rights in violation of FCRA, §§ 760.01, *et seq*, Fla. Stat. by denying to her equal terms and conditions of employment, up to and including termination.

102. Defendant TATA's treatment of Plaintiff, including its termination of her, was motivated by Plaintiff's request for accommodation and other attempts to exercise her rights, and thus violated Plaintiff's rights under the FCRA.

103. The actions of Defendant TATA affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by the FCRA.

104. As a direct, natural, proximate, and foreseeable result of Defendant TATA's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; she has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

105. The retaliation that Plaintiff has suffered violates her Florida statutory right to be free from such retaliation when engaging in protected activity.

106. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat.

107. WHEREFORE, Plaintiff, LAURA LEVROS, prays that this Court will:

a. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant TATA was a violation of her rights under the FCRA;

b. Make Plaintiff whole through back pay, benefits, and front pay;

c. Grant Plaintiff judgment against Defendant TATA for damages for the violations of the FCRA;

d. Grant Plaintiff her reasonable attorney's fees and litigation expenses against Defendant TATA;

e. Grant damages for pain and suffering;

f. Grant punitive damages; and

g. Provide such other and further relief as is just.

## DEMAND FOR JURY TRIAL

Plaintiff, LAURA LEVROS, demands trial by jury on all issues so triable.

Dated: February 23, 2026

                          Respectfully submitted by:

                          /s/ **_Hazel Solis Rojas_**
                          Hazel Solis Rojas, Esquire
                          Florida Bar No. 91663
                          E-mail: hazel@solisrojaslaw.com
                          **LAW OFFICE OF HAZEL SOLIS ROJAS, P.A.**
                          3105 NW 107th Avenue, Suite 400
                          Doral, Florida 33172
                          Telephone: (305) 558-8402

                          and

                          James A. Peterson, Esq.*
                          Florida Bar No. 645621
                          **PETERSON LEGAL P.A.**
                          5079 North Dixie Highway
                          Suite 105
                          Oakland Park, Florida 33334
                          (754) 444-8076
                          James@PetersonLegal.com
                          *Lead Counsel

                          *Attorneys for Plaintiff LAURA LEVROS*